**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAMAU A. DAVIS, | ) Case No. CV 15-4057-JGB (JPR) |
| Petitioner, | ) |
| vs. | ) ORDER TO SHOW CAUSE |
| JIM McDONNELL, Sheriff, | ) |
| Respondent. | ) |

On February 6, 2015, Petitioner, a state pretrial detainee, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241,[1] challenging the apparent denial of his motion to sever the trial of counts in his upcoming criminal prosecution. Pet. & Mem. of Law, Davis v. McDonnell, No. CV 15-0867-JGB (JPR) (C.D. Cal. Feb. 6, 2015), ECF Nos. 1 & 2. The Court ordered Petitioner to show cause why the petition should not be dismissed under Younger v. Harris, 401 U.S. 37, 45-46 (1971), and its progeny. See Order to Show Cause, Davis, No. CV 15-0867-JGB (JPR) (C.D.

---

[1] Section 2241(c)(3) permits a federal court to grant relief to a state pretrial detainee who is being held "in custody in violation of the Constitution." Section 2254 does not apply because Petitioner is apparently not in custody under a state-court judgment.

1

Cal. Feb. 11, 2015), ECF No. 4. After Petitioner responded to the OSC (Resp. to Show Cause Order, id. (C.D. Cal. Apr. 7, 2015), ECF No. 7), the Court dismissed the petition without prejudice and administratively closed the case under Younger (Judgment & Order Dismissing Habeas Pet. Without Prejudice & Administratively Closing Case, id. (C.D. Cal. Apr. 20, 2015), ECF Nos. 8 & 9).

Despite this earlier sequence of events, Petitioner has filed another habeas petition under § 2241, this time challenging the trial court's denial of his Pitchess and suppression motions and its apparent refusal to appoint a particular police-practices expert. (Pet. at 3-4.) His state proceedings are still not final; indeed, it does not appear that Petitioner has yet been tried. Thus, the latest Petition also appears subject to dismissal under Younger. Recognizing this, Petitioner argues that Younger does not apply because the trial court has acted in "bad faith" and is "harassing" him. (Mem. of Law at 11-14.) But Petitioner's conclusory statements to that effect do not make it so. Indeed, the pages of the state-court transcript that Petitioner attached to the Petition do not display any bad faith or harassment by the trial judge, although he does at times appear exasperated with Petitioner, who is representing himself in his criminal case. That is not sufficient to demonstrate any kind of impermissible prejudice or bias. Cf. Galvan v. Ayers, 292 F. App'x 643, 646 (9th Cir. 2008) (habeas petitioner's "allegations that the judge appeared angry and exasperated" with him "insufficient to establish judicial bias").

Petitioner relies on McNeely v. Blanas, 336 F.3d 822 (9th Cir. 2003) (as amended), in support of his argument that Younger

does not require abstention. (Mem. of Law at 13.) But none of Petitioner's claims "embody a right which is necessarily forfeited by delaying review until after trial," see Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980), and therefore intervention is not appropriate under McNeely. See Wright v. Volland, 331 F. App'x 496, 498 (9th Cir. 2009) (distinguishing McNeely).[2]

Finally, as the Court previously explained to Petitioner in Case No. CV 15-0867-JGB (JPR), even though he apparently seeks to raise in his federal Petition only claims that have already been rejected by the state courts (see Pet. at 2-3), nothing in the Petition or its attachments indicates that he has not had and indeed will not have, on appeal, an adequate opportunity to litigate any federal constitutional claims. Thus, his claims have not yet been exhausted.[3]

---

[2] It is true that under Stone v. Powell, 428 U.S. 465, 481-82 (1976), Petitioner may be foreclosed from challenging the denial of his suppression motions in any subsequent federal habeas proceedings under § 2254. That, of course, cannot entitle him to have the claims heard prematurely under § 2241, or every pretrial detainee whose suppression motion was denied in state court could immediately seek federal habeas relief.

[3] Indeed, when a state criminal case is pending, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); cf. also Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) ("Sherwood stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct appeal is pending."). "This is because 'the pending appeal may result in reversal of the petitioner's conviction on some other ground, thus mooting the federal question.'" Alvarez v. Barnes, No. CV 13-367-RGK (CW), 2013 WL
(continued...)

IT THEREFORE IS ORDERED that within 14 days of the date of this Order, Petitioner show cause in writing, if he has any, why the Court should not deny the Petition without prejudice and dismiss this action under <u>Younger</u>. Petitioner is warned that his failure to timely and satisfactorily respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.

DATED: June 3, 2015

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[3](...continued)
3200514, at *3 (C.D. Cal. June 21, 2013) (quoting <u>Sherwood</u>, 716 F.2d at 634).